UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | |
|---|---|
| George Jasper Price, | Case No. 3:17-cv-01357 |
| Plaintiff | |
| v. | MEMORANDUM OPINION AND ORDER |
| Warden Neil Turner, et al., | |
| Defendants | |

**BACKGROUND AND HISTORY**

*Pro se* Plaintiff George Jasper Price filed this action under 42 U.S.C. § 1983 against North Central Correctional Institution ("NCCI") Warden Neil Turner, Management and Training Corp., NCCI Nurse Riano, NCCI Health Care Administrator Vicki Donahue, and John Does # 1-5. In the Complaint, Plaintiff alleges he did not get prompt medical attention for injuries he sustained in a fall. He asserts claims for deliberate indifference to serious medical needs and retaliation for filing past grievances. He seeks monetary and injunctive relief.

Plaintiff alleges he fell from the top bunk in his cube while cleaning his air conditioning vent on May 16, 2017 at approximately 8:00 a.m. He hit both of his arms, his head, and his left shoulder. He sustained cuts, scrapes, and bruises, particularly to his right elbow and forearm. He informed Corrections Officer Coulson of his fall and Coulson called the medical department. He spoke with

Nurse Riano, telling him Plaintiff fell from the top bunk, was scraped up and badly bruised. Riano indicated he would call Coulson back with instructions on how to proceed. Sergeant Giles came into the area fifteen minutes later and waited with Plaintiff and Coulson for Riano's call. Riano called back at 8:30 a.m. instructing Coulson to have Plaintiff fill out a Health Service Request form. Giles took the phone and indicated to Riano that Plaintiff's injuries required immediate attention. Riano then told Giles to send Plaintiff to the medical department at 2:00 p.m.

Plaintiff reported to the medical department at the appointed time. His elbow and his right arm were x-rayed. Dr. Wilson reviewed the films. Plaintiff contends she indicated he had sustained bone damage and instructed the nurse to put his arm in a splint. He claims he saw Dr. Wilson the following day and this time she told him that his x-rays were negative. He suspects a cover up by the medical department and contends if he obtained another x-ray or MRI it would show his arm was broken.

Plaintiff believes John Doe #1 told Riano to instruct Plaintiff to fill out a Health Services Request form. He alleges that person and/or Riano violated his Eighth Amendment rights. He further asserts Management & Training Corp., Warden Turner, Health Care Administrator Donahue, and NCCI are liable for the acts and omissions of their employees under the doctrine of *respondeat superior*. He further contends Donahue should be aware from his grievances that her staff did not follow medical protocol. He asserts she therefore is retaliating against him for filing prior grievances. He asks me to order the Defendants to take him to a hospital for treatment, and award him monetary damages.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it

lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, 42 U.S.C. § 1983 will not support a claim based upon a theory of *respondeat superior* alone. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Supervisory officials may be deemed liable for the unconstitutional actions of subordinates only when those actions are the result of official policies or customs. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). *Monell* extends to patterns of misconduct in which the supervisor acquiesced. *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982). *See also, Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (requiring a showing that the supervisor encouraged the specific misconduct or in some way directly participated in it). In this case, Plaintiff specifically states he is asserting claims against Management & Training Corp., Warden

3

Turner, Health Care Administrator Donahue, and NCCI for the acts and omissions of their employees under the doctrine of *respondeat superior*. He cannot sustain a claim against these Defendants for the actions of their employees under that theory.

In addition, Plaintiff first contends Riano and/or John Doe #1 violated his Eighth Amendment rights by failing to immediately send a cart to bring him to the medical department when they received the call from Coulson. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute serious health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in

4

response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

Plaintiff fails to establish the subjective element of his cause of action. He contends Riano and John Doe #1 failed to recognize that Plaintiff required immediate medical attention. Riano received a call from Coulson informing him that Plaintiff had fallen from a top bunk and sustained some scrapes, cuts and bruises. Riano took thirty minutes to respond to the call and then suggested Plaintiff fill out a health care request form. When Coulson indicated his injuries were potentially more serious, Riano scheduled an appointment for him at 2:00 p.m. The subjective element requires a showing the Defendant knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (quoting Farmer, 511 U.S. at 837). Here, Plaintiff does not allege sufficient facts to suggest Riano or John Doe actually drew the inference that a substantial risk of serious harm existed. They were acting upon information they received second hand. At best, their actions could be described as negligent. Negligence will not support a claim under the Eighth Amendment.

Finally, Plaintiff contends Donahue retaliated against him for filing grievances in the past. He states he filed grievances with regard to this incident, and Donahue was therefore aware that her staff did not follow proper protocol concerning his fall. He then concludes, without explanation, that this proves she engaged in retaliation. This claim is stated solely as a legal conclusion and does not contain sufficient facts to meet federal notice pleading requirements. Plaintiff does not allege any facts to suggest a connection between past grievances he filed and Donahue. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

    s/ Jeffrey J. Helmick
    United States District Judge